**GELLER ASSOCIATES, INC., et al.**

v.

**LEE'S WHARF REALTY CO., INC., et al.**

No. 91–436–A.

Supreme Court of Rhode Island.

April 24, 1992.

Jeremiah Lynch, III, Newport, for plaintiffs.

Stephen Rodio, Hinckley, Allen, Snyder & Comen, Providence, for defendants.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order issued to the plaintiffs, Geller Associates, Inc., and Michael Strahm Architects, to appear and show cause why their appeal should not be summarily denied and dismissed. They had appealed from the granting of the motion of the defendant, Fleet National Bank (Fleet), for summary judgment in the Superior Court.

Lee's Wharf Realty Co., Inc. (Lee's Wharf), had granted to Fleet a first mortgage on its property and on all "easements * * * privileges, hereditaments and appurtenances belonging to or inuring to the benefit of the subject property" to secure a loan of $3,415,000 from Fleet. The mortgage, security agreement, and assignment of leases and rents were recorded. The mortgage was made subject to "those certain liens, encumbrances and other matters set forth in Exhibit B." Listed as item No. 6 on exhibit B is an easement from Pier Properties, Inc., to Lee's Wharf. That easement provides that Pier Properties "does hereby grant, assign and set over to [Lee's Wharf] an easement, one foot in width * * * for passage and access together with the riparian and littoral rights appurtenant to" certain real estate. Lee's Wharf also filed a declaration of condominium by which it created interests in certain marina slips arising out of ownership of a locker located on Lee's Wharf's land adjacent to the slips.

Subsequently Lee's Wharf defaulted on its obligations to Fleet, and Fleet purchased unsold lockers and marina units at a foreclosure sale.

The plaintiffs brought action for declaratory judgment in the Superior Court, seeking a declaration that Fleet had no interest in the units foreclosed on.

At issue is the meaning of and the reach of the following statute:

"[I]n any conveyance of real estate all rights, privileges and appurtenances belonging or appertaining to the granted estate shall be included in the conveyance, unless a different intention shall clearly appear in the deed, and it shall be unnecessary to enumerate or mention them either generally or specifically." G.L.1956 (1984 Reenactment) § 34–11–28.

We are of the opinion that the deed in question and the statute cited above are clear and unambiguous. Under the statute an ordinary deed conveys all appurtenances, including both littoral and riparian rights.

For these reasons the plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.